### HUDSON *against* WHITING.

Where *A*, residing in *Texas*, gave to *B* in this state, a power of attorney to collect and settle all claims in favour of *A*, and give discharges ; also to execute all such bonds and deeds as *B* should judge expedient ; also to sell and convey all the property of *A* ; and to transact any and all other business, matters and things, which *A* could lawfully do, if he were personally present ; under this power *B* executed a bond to *C* for a debt justly due to him from *A* ; in an action against *A* on such a bond, it was held, that *B* had authority to execute it, and consequently, it was binding on *A*.

THIS was an action of debt on bond.   The declaration alleged, that said bond was executed by the defendant, under his hand and seal, by his lawful attorney, *William H. Whiting*, thereunto duly authorized, bearing date the 18th of *October* 1837 ; whereby the defendant acknowledged himself bound and obliged unto the plaintiff in the sum of 4132 dollars, 33 cents ; to the payment of which sum to the plaintiff, on demand, with the interest thereon, the defendant did, in and by said bond, firmly bind himself, and his heirs, &c.

The defendant pleaded, that the writing mentioned in the declaration was *not his deed ;* and the cause came on for trial, on this issue, *January* term, 1846, before *Church*, J.

*Hartford,*
June, 1846.

Shipman
*v.*
Horton.

HARTFORD LAW LIBRARY

*Hartford,*
*June, 1846.*

Hudson
*v.*
Whiting.

The plaintiff gave in evidence the bond declared on, and the power of attorney by virtue of which it was executed. That the bond was in fact executed by *William H. Whiting,* professing to act under a power of attorney from the defendant, was admitted. The only question in the case was, whether the execution of the bond was *authorized* by the power of attorney. Of the latter, the following is a copy : " Know all men by these presents, that I, *Samuel Whiting,* of *Texas* in *Mexico,* do hereby constitute, ordain and appoint *William H. Whiting* of *Augusta,* in the state of *Georgia,* my true and lawful attorney, for me and in my name and behalf, to collect and receive, compound and settle any and all sums of money, debts, claims and demands, due or owing to me, either severally or jointly with any other person or persons, by or from any person or persons, or which I have against any person or persons, and to use any and all such lawful ways and means for the recovery thereof, as he shall deem expedient ; and to make, execute and deliver releases or discharges therefor : And also, for me and in my name and behalf, to make, execute, seal and deliver any and all such bonds and deeds, and also any and all such acquittances, receipts and discharges of any kind, as he shall judge expedient : And also, to bargain, sell, assign, transfer and convey any and all such real and personal estate and property, as I now have, or hereafter may have, in the *United States* of *America,* in such way and manner, and upon such terms and conditions, and with such covenants and stipulations, as he shall consider most for my interest, and to receive payment therefor : And for me and in my name and behalf, to do, act and transact any and all other business, matters and things, within the *United States* of *America,* which I might lawfully do, were I personally present. And I do hereby ratify whatever my said attorney shall do in the premises. In witness whereof, I have hereunto set my hand and seal, at *Hartford,* in the state of *Connecticut,* the ninth day of *February,* 1836. *Samuel Whiting.*" [L. S.]

It was agreed by the parties, that the bond was given for a debt of the same amount due from the late firm of *George Whiting & Co.* of *Louisiana,* and that the defendant is the survivor of that company.

Upon these facts, the case was reserved for the advice of this court, as to what judgment ought to be rendered.

*Hartford,*
June, 1846.

Hudson
*v.*
Whiting.

*Ellsworth,* for the plaintiff, contended, That the power of attorney was sufficient to authorize the execution of the bond in question.   The power consists of several distinct branches or classes of subjects.   The first relates to the *collection of debts,* and the giving of discharges.   The draftsman then quits that subject, and passes on to another, *viz.* the *execution of bonds and deeds.*   The power is as full and explicit regarding these, as the collection of debts.   The next branch of the power relates to the *sale of estate,* real and personal.   Then comes a more general clause, authorizing the attorney to transact *all other business,* which the principal himself might lawfully do, if he were personally present.   The power to execute bonds and deeds, is *specifically* given.   This is a *particular subject matter ;* and it is in subordination to this matter, that other more general expressions are to be construed.   If any restriction is to be made, they are to be limited by this, and not this by them.   Here was no *misuse* of the power ; for the bond was given for the principal's own debt.   [The counsel here adverted to sundry cases, which, he supposed, would be cited against him, and endeavoured to distinguish them from the present case.]

*Hungerford* and *Cone,* for the defendant, contended, That the only particular and specific subjects mentioned in the power of attorney, were, 1. the collection of debts, and 2. the sale of property ; and that the other expressions used in the instrument were to be limited to those subjects.   They cited *Sto. Agen.* from *s.* 62. to *s.* 69. inclusive.   3 *Law Mag.* 165. *s.* 5.   13 *Petersd. Abr.* 719.   *Hay,* exr. v. *Goldsmidt,* cited 1 *Taun.* 349.   *Hogg* v. *Snaith,* 1 *Taun.* 347.   *Rossiter* v. *Rossiter,* 8 *Wend.* 494.   *North River Bank* v. *Aymar,* 3 *Hill* 262.   *Attwood* v. *Munnings,* 7 *B. & Cres.* 278. (14 *E. C. L.* 42.)   Bonds and deeds might be necessary to accomplish the specific objects of the power, and if executed for such a purpose, they would be binding : but this would not authorize the execution of a bond for a very different purpose, *viz.* to secure a debt due from an old partnership, of which the principal was the survivor.

HARTFORD LAW LIBRARY

*Hartford,*
June, 1846.

Hudson
*v.*
Whiting.

WAITE, J.  The question reserved for our advice, in this case, is, whether the power of attorney given by the defendant, authorized the execution of the bond upon which the suit is brought.

The terms of the power are sufficiently broad and comprehensive for that purpose.  The language is, " and also for me and in my name and behalf, to make, execute, seal, and deliver any and all such *bonds* and deeds, as he shall judge expedient."  The authority to execute bonds, is, therefore, given in express terms.  The attorney had power to execute *all such* as he should judge expedient.

But it is said, that general language, used in connexion with a particular subject matter, will be presumed to be used in subordination to that matter ; and is, therefore, to be construed and limited accordingly.  *Attwood* & al. v. *Munnings,* 7 *B. & C.* 278. (14 *E. C. L.* 42.)  This is undoubtedly true.  What then is the subject matter of the power ?  It is, says the defendant, simply to collect the debts due to him, and dispose of his property ; that this bond was not given for either of those purposes, and is not, therefore, within the scope of the authority conferred.

This limitation of the subject matter of the power, is certainly very narrow and contracted, and we think not in accordance with the language of the instrument.

The case shows, that the defendant was the surviving partner of a firm in this country, and had gone off to *Texas,* then a foreign state, leaving the affairs of that company unsettled. Under these circumstances, the power is given.  It authorizes the attorney to collect and settle all the debts and demands due the principal, either severally or jointly with others, and to use any and all such lawful ways and means for the recovery thereof, as he might deem expedient.   And after giving him power to execute bonds and deeds, and to sell and convey all his real and personal estate within the *United States,* he finally empowers him to do and transact any and all other lawful business, matters and things, within the *United States,* which the principal could do, were he personally present.

The collection of the debts due to the defendant, and the sale of his property, were undoubtedly the primary objects of the power conferred.  But to confine the operation, exclu-

*Hartford,*
June, 1846.

Hudson
*v.*
Whiting.

sively to those objects, would neither be consistent with honesty, nor the language of the instrument.

To say that his design was to collect all the debts due him, dispose of all his property, and get all the avails into his possession, and leave his creditors to follow him into a foreign country, and collect their debts of him as they could, would be imputing to him a fraudulent design. Such a construction ought not to be given to his deed, unless required in unequivocal terms.

The bond in question was given to a creditor of the late firm to which the defendant belonged, residing in this state. It was the duty of the defendant to pay the debt. Had he or his attorney refused, the creditor might, under our laws, have instituted a suit against him, and attached all his property in this state, all debts due to him, and the moneys, if any, in the hands of the attorney. This would at once have arrested the collection of debts and the sale of property. Unless the attorney possessed the power of settling or securing the debt, in the absence of the principal in a foreign country, the defendant might suffer much injury from the expenses of the suit and the delay attending it. He might, therefore, have deemed it for his interest to clothe his agent with all necessary powers for the speedy and economical management of his business.

If the power does not confer authority to execute a bond like the one in the present case, it will be very difficult to say what is meant by the clause authorizing the attorney to execute " all such bonds as he may deem expedient." He was empowered to sell real and personal property, and we can readily understand why he should need authority to execute deeds. But if he had only authority to collect debts and sell property, why authorize him to give bonds ? Such instruments are not usually required in either case.

We think the instrument is entitled to a reasonable and just construction. The design was to enable the attorney to settle the copartnership business of the firm ; to adjust the debts due from the company, as well as those in their favour. Where a balance was ascertained to be due from the company to a creditor, it was not the duty of the attorney to say to the creditor, I have nothing to do with this claim ; the settlement of it is not within the scope of my authority. He might deem

HARVARD LAW LIBRARY

*Hartford,*
*June, 1846.*

Hudson
*v.*
Whiting.

it expedient to secure its payment, as adjusted, by giving a bond for the debt, until funds could be realized for its payment. The clause already cited, we think, authorizes it.

Now, as it is agreed that the bond in question was given for a just debt of the firm, which it was the duty of the defendant to pay, in our opinion, the attorney, in executing it, acted both within the letter and the spirit of the power of attorney given him by the defendant.

In this opinion the other Judges concurred.

Judgment for plaintiff.